UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORETTA JONES,

                            Plaintiff,

                  -against-

H&M HENNES & MAURITZ, et al.,

                            Defendants.

23-CV-4778 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated her rights. Sue sues H&M Hennes & Mauritz ("H&M"), the United States Supreme Court, the International Criminal Court, New York Health & Hospitals, which the Court understands to be New York City Health + Hospitals ("H+H"), New York State, the United States, Vanessa Light, the New York State Workers' Compensation Board ("WCB"), the Federal Bureau of Investigation ("FBI"), and the New York City Police Department ("NYPD"). By order dated June 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead a claim under Title VII.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

<h1 align="center">BACKGROUND</h1>

Plaintiff brings her claims using the court's general complaint form, to which she attaches

several documents that include additional factual allegations. She checks the box on the

complaint form to invoke the court's federal question jurisdiction, and in response to the

question asking which of her federal constitutional or statutory rights have been violated, she

writes, "Equal Protection of Law under No Sexual Assault, No sexual Harassment in

Employment or in home/reside, life function or livelihood. (14th Amendment U.S.

Constitution)[.]" (ECF 1, at 2.)[1]

In the facts section of the complaint form, Plaintiff states that the "paranoia [she]

supposedly suffer[s]" is the result of H&M and "their behavior" when Plaintiff was employed

there in 2000 and 2001. (*Id.* at 6.) She alleges that H&M's settlement with her three years ago for

"less than $100,000 showed their reluctance in amicable resolve" while Plaintiff was homeless

and was asking for the WCB "to correct their wrongs/failings."[2] (*Id.*)

> Instead, a harassment brewed making me hear them, eventually 24/7, H&M's
> contest to the [WCB] case, me, my life and a former sexual assault that I believe
> they exploited back in 2001, so that the perpetrator would be forced back "onto"
> me, if you will. H&M was involved in a crusade of trying to make certain people
> quit employment with them, and I was one. . . .
>
> Before I knew it, I was injured by a toxic spray or ladder-lifting injury, a 2-part
> accident that was tantamount to work I was asking by H&M to perform (47

---

[1] The Court quotes from the complaint verbatim. All grammar, spelling, and punctuation
are as in the original unless otherwise noted.

[2] Plaintiff alleges no other facts describing the nature of her previous settlement with
H&M.

3

posters + signs) on August 17th and August 20th, after escalated harassment at work.

(*Id.* at 7.)

The attachments to the complaint include the following allegations. In August 2000, H&M "[e]mbarked on a crusade to make black associates quit employment." (*Id.* at 9.) An individual named Gerry Creamer, whose position Plaintiff does not describe, "went about taking apart my work systematically and with each successful running of a department despite his antics, he assigned me additional departments, instead." (*Id.*)

Plaintiff further alleges,

Harassing me sexually, about and by a sexual assault whether of my past or of today in what are RWIs Remote Weaponry Invasions, is what the defendants above are engaging in and is wholly misplaced and foul[.] They think they're the Artificial Intelligence makers of the bedroom but they're the clods of the afterworld, a world that right here will return to stamping out their ignorance and intrusions.

(*Id.* at 10.)

Plaintiff maintains that H&M, and possibly others, continues to sexually assault her remotely "from another location outside of where [she] can fight back." (*Id.* at 12.) "The whole nature of RWIs Remote Weaponry Invasions are rapistic even going past boundaries by piercing a home's boundaries and conscience boundaries." (*Id.*) H&M has installed

a vibrating mechanism under my floor in that it's like a concept of vibrating beds in a motel, that I cannot put pillow to shield from, or metal, which could in fact be maddening, also sexually violent and assaultive when they're trying to insist a sexual response whether the answer is no.

(*Id.*)

On an unspecified date, "H&M had a sales associate bump his crotch/penis into my derriere in a hallway outside the management and visuals office and a common thoroughfare where the entrances to those offices and stockroom and lockers meet." (*Id.*) An H&M manager

saw the incident and fired the male associate "but made no mention of it to me nor repaired the

culture of harassment he had going there where I was undermined in terms of my strength as a

woman somehow menial and weak, which I am/was not." (*Id.*)

> In another incident, an H&M employee, named either Debbie or Frank,
>
> claiming military background as a Marine, and 2 others all 4 in haphazard
> disguises in 2009 meant to look a shambles with wigs half on, half off, yelling,
> 'Daddy! Daddy That's not rape Loretta!' referring to a 1998 order of protection
> from a former police and mafia convicted felon who was 20 years older than me
> and took my right to say no by bullying and forcing himself on me and who was
> found sexually assaultive by court order issuing the court order for both me and
> my son,… kicking off 15-yr assault making me hear them/their counterparts and
> cohorts 24/7, and making me subject to their longer sexual harassment & assault
> plus other RWI assaults at will[.]

(*Id.* at 13.)

> Plaintiff states that a court remedy is
>
> needed to stop the assailants from hiding behind technology that is certainly
> traceable. Manufacture must be regulated and assaultive variance banned.
> Weapons makers must be here named by the defendants and fined by the court.
> I'm owed restitution in the court's discretion of dollars and I'm suing for 250
> million dollars, collectively. May the court please allocate burdens, mainly
> befalling H&M as they're the main perpetrators in the list of defendants.

(*Id.* at 14.)

## DISCUSSION

### A.    Frivolousness

The Court finds that Plaintiff's allegations that H&M is continuing to sexually assault her

through "Remote Weaponry Invasions" are frivolous. Such allegations cannot support Plaintiff's

claims because they are largely irrational or wholly incredible, and Plaintiff provides no factual

support suggesting that these events occurred or are even possible. A finding of factual

frivolousness is therefore warranted. *See Denton*, 504 U.S. at 32-33 (the IFP statute, 28 U.S.C.

§ 1915, "accords judges not only the authority to dismiss a claim based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless" (internal

quotation marks and citations omitted)). A finding of factual frivolousness is warranted when the

facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational or wholly

incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at

33 (internal quotation marks and citations omitted); *see Livingston*, 141 F.3d at 437. The Court

therefore dismisses as frivolous Plaintiff's claims arising from her allegations that H&M is

assaulting her using "Remote Weaponry Invasions." *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court

will proceed to consider Plaintiff's legal claims arising from her remaining nonfrivolous

allegations, including claims brought against H&M.

**B.      Federal Defendants and Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the

federal government, including suits against federal agencies, unless sovereign immunity has been

waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military

Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is

essentially a suit against the United States, such suits are . . . barred under the doctrine of

sovereign immunity, unless such immunity is waived."). It is a plaintiff's burden to show that

Congress waived sovereign immunity with respect to her claims. *Mitchell*, 463 U.S. at 212.

Defendants United States, the Supreme Court of the United States, and the FBI enjoy sovereign

immunity, and Plaintiff does not plead facts showing that there is a waiver of immunity.[3]

---

[3] The Federal Tort Claims Act ("FTCA") provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). The only proper defendant for an FTCA claim is the United States. Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for monetary damages with the federal agency and

Plaintiff's claims against these defendants must therefore be dismissed based on the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

## C.     International Criminal Court

Plaintiff names the ICC as a defendant in this action, but the complaint does not mention the ICC and nothing in the complaint suggests that the ICC had any involvement in the events giving rise to this action. The Court therefore dismisses Plaintiff's claims against the ICC without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.     Claims under 42 U.S.C. § 1983

Any claims Plaintiffs may be asserting that the remaining defendants violated her federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1.     Private Defendants

The Court must dismiss any nonfrivolous claims under Section 1983 that Plaintiff is asserting against H&M and Vanessa Light. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the

---

receive a final written determination. *See* 28 U.S.C. § 2675(a). Here, Plaintiff does not allege any facts suggesting that she was injured by the tortious conduct of a federal government officer acting within the scope of his or her employment or that she has exhausted her administrative remedies with respect to any such injury.

statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants H&M and Vanessa Light are private parties who are not alleged to work for any state or other government body, the Court dismisses Plaintiff's Section 1983 claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2.    Eleventh Amendment Immunity**

The Court must also dismiss Plaintiff's Section 1983 claims against the State of New York and the New York State WCB. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York and the WCB under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3.     New York City Police Department

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD. *See* N.Y. City Charter ch. 17, § 396

In light of Plaintiff's *pro se* status, the Court will construe any allegations asserted against the NYPD as being asserted against the City of New York, which is also named as a defendant in this action.

### 4.     Municipal Liability

The Court also dismisses Plaintiff's claims against the City of New York and H+H.[4] When a plaintiff sues a municipality or H+H under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or H+H itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692

---

[4] H+H is a public benefit corporation created under New York State law and has the capacity to be sued. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1).

(1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a

Section 1983 claim against a municipality of H+H, the plaintiff must allege facts showing (1) the

existence of a municipal or H+H policy, custom, or practice, and (2) that the policy, custom, or

practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East

Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S.

397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45

(2d Cir. 1983) (applying standard for Section 1983 municipal liability to H+H).

   Here, Plaintiff alleges no facts suggesting that the City of New York or H+H has a policy,

practice, or custom that has caused a violation of her federal constitutional rights. In fact, nothing

in Plaintiff's complaint suggests that either of these defendants had any involvement in the

events giving rise to her claims. The Court therefore dismisses Plaintiff's claims against these

defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## E.  Claims Under Title VII

   Plaintiff's allegations that H&M, her former employer, discriminated against her on the

basis of her sex and race may be an attempt to assert claims of employment discrimination under

Title VII. Title VII provides that "[i]t shall be an unlawful employment practice for an employer

. . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

   As a precondition to filing suit under Title VII, a plaintiff must first file a timely

discrimination charge. *See* 42 U.S.C. § 2000e-5(e)(1); *Chin v. Port Auth. of N.Y. &N.J.*, 685 F.3d

135, 146 (2d Cir. 2012). In New York, a discrimination charge must be filed with the Equal

Employment Opportunity Commission ("EEOC") within 300 days of the alleged act of

discrimination. 42 U.S.C. § 2000e-5(e)(1); *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015). This requirement functions as a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982). A claim under Title VII is time-barred when a plaintiff fails to file a timely charge with the EEOC. *See Butts v. N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. This 300-day period is not jurisdictional, however, and it is subject to equitable tolling.[5] *See Zipes*, 455 U.S. at 393.

Plaintiff alleges that H&M, her former employer, discriminated against her in 2000 and 2001. Her Title VII claims therefore accrued, at the latest, sometime in 2001. If this is so, she would have had 300 days, or until sometime in 2002, to file a discrimination change. Plaintiff alleges no facts showing that she filed a charge of discrimination. She filed her complaint in this court on June 6, 2023, more than 21 years after the alleged acts of discrimination occurred. Plaintiff alleges no facts showing that the applicable limitations period should be equitably tolled.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

---

[5] Equitable tolling is, however, "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alterations, and citations omitted). To obtain the benefit of equitable tolling, a plaintiff must show: (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine. *Id.*

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Because it is clear from the face of the pleadings that Plaintiff's Title VII claims are time-barred, the Court dismisses any such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead her Title VII claims in an amended complaint alleging facts demonstrating that her Title VII claims are timely or that equitable tolling should apply.[6]

## F.      State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

---

[6] "[T]he only proper defendant in a Title VII claim is the plaintiff's employer [or potential employer]." *Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020) (internal quotation marks and citation omitted); *e.g.*, *Farmer v. Fzoad.com Enters. Inc.*, No. 17-CV-9300, 2020 WL 6530787, at *6 (S.D.N.Y. Aug. 5, 2020), *report & recommendation adopted*, 2020 WL 5569581 (S.D.N.Y. Sept. 17, 2020). However, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the NYSHR. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)).

**G.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days'

leave to replead her claims under Title VII in an amended complaint alleging facts that such

claims are timely or that equitable tolling should apply.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a)   the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint as frivolous, for failure to state a claim on which relief may be granted, for seeking relief against a defendant who is immune from such relief, and for lack of subject matter jurisdiction *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Fed. R. Civ. P. 12(h)(3).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to replead her claims under Title VII in an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4778 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time

allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2023
        New York, New York

                           /s/ Laura Taylor Swain
                             LAURA TAYLOR SWAIN
                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

\_\_\_ **Civ. _____ ( \_\_\_ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:** In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff          Name  _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant        Name  _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____          Failure to hire me.

_____          Termination of my employment.

_____          Failure to promote me.

_____          Failure to accommodate my disability.

_____          Unequal terms and conditions of my employment.

_____          Retaliation.

*Rev. 07/2007*                                    2

_____         Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____         is still committing these acts against me.

_____         is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race    _____         ☐    color    _____

☐    gender/sex    _____         ☐    religion_____

☐    national origin    _____

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____   has not issued a Notice of Right to Sue letter.

_____   issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> ***Note:*** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.   Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Address   _____

_____

_____

_____

Telephone Number   _____

Fax Number *(if you have one)*   _____